# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL WARDLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV207 |
| | ) | |
| MAJOR JAMES, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, previously submitted a civil rights action pursuant to 42 U.S.C. § 1983. In the Original Complaint (Docket Entry 1), he alleged that his rights were violated by conditions to which he was subjected while housed in disciplinary segregation in the Forsyth County Detention Center in December of 2009. It was recommended that the Complaint be dismissed for failure to properly complete the § 1983 forms, failure to pay the filing fee or request to proceed *in forma pauperis*, failure to provide sufficient copies, and failure to exhaust administrative remedies. (Docket Entry 4.) Plaintiff has now filed an Amended Complaint (Docket Entry 6) with which he seeks to remedy the defects of the original Complaint, together with an application to proceed *in forma pauperis* (Docket Entry 7) and a motion seeking appointment of counsel (Docket Entry 8). In large part, these filings do fix the problems cited in the prior Order and Recommendation. Plaintiff has now properly completed the proper forms, provided copies

of the Amended Complaint, and submitted an application to proceed *in forma pauperis*. However, he still has not exhausted his administrative remedies. Instead, he candidly states that he did not file a grievance concerning his treatment in 2009 because "[a]t the time [he] thought that what was happening was legal by Law. That it was part of the punishment for breaking the rules of the Forsyth County Jail. It wasn't until 2011 in D.O.C. custody that [he] learned that what happened to [him] in segregation was unconstitutional." (Docket Entry 6, § III(C).)

As Plaintiff was informed in the prior Order and Recommendation, "[e]xhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001)." (Docket Entry 4 at 2.) Further, as with the Original Complaint, "[t]he failure to exhaust is clear from the face of the complaint, and Plaintiff has had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005)." (Id.) Previously, Plaintiff did not explain why he did not exhaust his administrative remedies while housed in the Forsyth County Detention Center. He has now given an explanation, but that explanation does not excuse his failure to exhaust. A lack of knowledge concerning the grievance process does not excuse exhaustion because a rule otherwise would "bypass administrative review and [allow prisoners to] move directly into federal court simply by alleging some lack of knowledge." Rogers v. Shoaf, Nos. 1:07CV326 and 1:07CV327, 2010 WL 2629519 (M.D.N.C. June 28, 2010.) (unpublished Memorandum Opinion, Order, and Recommendation recommending

dismissal of non-exhausted claims, later affirmed and adopted by Order and Judgments entered on July 23, 2010 (1:07CV326, Docket Entries 26, 27; 1:07CV327, Docket Entries 29, 30).) Of course, Plaintiff's claim is not that he was unaware of the grievance process, but that he was unaware that his rights were even being violated.[1] Plaintiff's argument is really that he had a lack of legal knowledge, which also does not excuse exhaustion. Tackman v. Goord, 2005 WL 2347111 (W.D.N.Y. Sept. 26, 2005)(unpublished). The same rationale articulated in Rogers also supports that rule.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, after he has exhausted administrative remedies as to his claim.[2] To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

---

[1]Although the question need not be addressed unless and until Plaintiff is able to exhaust his administrative remedies, the fact that the conditions about which he now complains did not even prompt him to file and pursue an administrative grievance raises a real question as to whether Plaintiff could ever show that those conditions were of such severity that his constitutional rights were violated.

[2]It is not clear whether Plaintiff can still pursue his claim with the Forsyth County Detention Center or not. However, if he cannot because of his failure to file earlier, this does not mean that an administrative remedy is "unavailable" so that the exhaustion requirement is excused. It instead means that Plaintiff forfeited the process. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. Also, in light of the recommendation of dismissal, Plaintiff's request for appointment of counsel will be denied.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel (Docket Entry 8) is denied.

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint (Docket Entry 6) be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, after he has exhausted his administrative remedies as to his claims.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: May 21, 2012